UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVY BAILEY; CAROLE VETTRUS; KEVIN
PSIK; BETTY NASH; DONALD RUSSELL
MAKOWSKI; MICHIGAN EDUCATION
ASSOCIATION; ADRIAN EDUCATION
ASSOCIATION; MIDLAND CITY
EDUCATION ASSOCATION; SOUTHFIELD
MICHIGAN EDUCATIONAL SUPPORT
ASSOCIATION; GARDEN CITY
EDUCATION ASSOCATION; NILES
EDUCATION ASSOCIATION; AFT
MICHIGAN; DETROIT FEDERATION
OF TEACHERS, AFT LOCAL 231; TAYLOR
FEDERATION OF TEACHERS; ONAWAY
FEDERATION OF TEACHERS;
WATERFORD FEDERATION OF
TEACHERS; SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 517M;
and MICHIGAN AFSCME COUNCIL 25,

        Plaintiffs,

v.                                                                                  Case No. 12-CV-11504
                                                                                    Honorable Denise Page Hood

EDWARD CALLAGHAN, in his official
capacity as chairman of the Michigan
Employment Relations Commission;
CHRISTINE DERDARIAN, in her official
capacity as member of the Michigan
Employment Relations Commission; and
NINO GREEN, in this official capacity as a
member of the Michigan Employment
Relations Commission,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO STAY ORDER PENDING APPEAL**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 62(c), Defendants' request that the Court

stay its June 11, 2012 Order Granting Plaintiffs' Motion for Preliminary Injunction. For the reasons stated below, the Court DENIES Defendants' Motion to Stay Order Pending Appeal.

## II. BACKGROUND

On June 11, 2012, the Court entered an Order granting Plaintiffs' Motion for Preliminary Injunction enjoining Defendants' enforcement of Public Act 53. The injunction enjoined Defendants' enforcement of Public Act 53, which prohibits the collection of dues by payroll deduction for school employees only.

Defendants filed a Motion to Stay Order Pending Appeal and Notice of Appeal on June 18, 2012. On June 20, 2012 Defendants requested immediate consideration of their Motion to Stay. On June 22, 2012, this Court stayed this case, with exception to the Motion to Stay, pending appeal with the Sixth Circuit. On July 6, 2012, this Court denied in part Defendants' Emergency Motion for Immediate Consideration of the Motion to Stay, shortening the time allotted for Defendants to file a Reply.

The underlying facts were explained in detail in the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction and will not be repeated here.

## III. ANALYSIS

The Court must consider four factors when determining whether an injunction should be stayed pending appeal. These factors mirror the factors the Court must consider before issuing a preliminary injunction: (1) the likelihood that the movant will prevail on the merits; (2) the likelihood that the movant will be irreparably harmed absent the stay; (3) harm that may result to others if the stay is granted; and (4) the public interest in a stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These factors are interrelated and must be balanced together. *Id.* However, the balancing process before

the Court is different than what the Court is required to engage in for a preliminary injunction because the procedural posture is different. *Id.* A higher burden is required in demonstrating the appropriateness of a motion to stay. "In essence, a party seeking a stay must ordinarily demonstrate … that there is a likelihood of reversal." *Id.*

The movant is not required to show a high probability of success on the merits but rather the probability of success is "inversely proportional to the amount of irreparable injury [Defendants] will suffer absent the stay." *Griepentrog*, 945 F.2d at 153. The mere possibility of success on the merits is insufficient to justify a stay. *Id.* In considering the harm that may occur, the Court looks to (1) the substantiality of the alleged injury; (2) the likelihood of its occurrence; and (3) the adequacy of the proof. *Id.* at 154. The harm alleged must be irreparable. *Id.*

    **A.**    **Success on the Merits**

Defendants' arguments for the motion to stay are familiar. They essentially rehash, unsuccessfully, their arguments against the motion for preliminary injunction. Defendants argue that the Court has been presented with issues of first impression, which makes the issuing of a stay appropriate. Defendants contend that Act 53 does not abridge speech when it simply declines to facilitate it. They insist that Act 53 passes constitutional muster because there is a reasonable state of facts that provide a rational basis for Act 53's singling out of school unions and employees and that the Court erred by looking to the legislative purpose of the Public Employees Relations Act.

The Court has already considered these arguments and found them without merit. This matter is now on appeal and the Sixth Circuit will determine whether this Court has abused its discretion in granting an injunction. Defendants' rehashing of their previous arguments does not establish more than a mere possibility of success on the merits. This factor does not weigh in

favor of granting a stay.

### B. Likelihood of Irreparable Harm

Defendants note that Act 53 does not apply to existing union contracts. They contend that that State of Michigan will be irreparably harmed because unions are now free to negotiate new contracts for deduction of union dues which constitutionally cannot be reversed. *See* Mich. Const. Art. 1 § 10 ("No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted").

Defendants' argument defies reason. The preliminary injunction maintains the status quo, which was the ability of the unions to deduct dues through payroll. Unions have been able to deduct dues from payroll for decades. The Court's Order does not even require unions to deduct fees by payroll deductions. It simply restores the status quo by allowing relevant parties to engage in negotiations for payroll deductions. The State of Michigan will not be harmed irreparably during the pendency of this appeal if unions are allowed to do what they have done for decades. Furthermore, Act 53 already envisioned that it would not apply to all union dues immediately. If the Sixth Circuit does find that this Court abused its discretion, Act 53 would take effect gradually as was originally envisioned. There is no irreparable harm. This factor does not weigh in favor of granting a stay.

### C. Harm to Others

Defendants argue that the stay will not foreclose other remedies for Plaintiffs nor impede on a constitutional right. The Court has already found that the cost of continuing what the Court found to be a constitutional violation, for any length of time, is irreparable. The Court already analyzed this issue and will not reconsider it here.

### D. Public Interest

4

As the Court already found, the public interest lies in remedying constitutional errors. The public interest would not endorse continued disparate treatment or the singling out the speech of only one class of speakers. This factor does not weigh in favor of a stay.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion to Stay **[Docket No. 38, filed June 18, 2012]** is **DENIED**.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: August 1, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager